O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>SEAN LAMAR BAZILLE,<br><br>　　　　Defendant. | Case No.: SA CR 07-0296 DOC<br><br>**ORDER DENYING REQUEST TO MODIFY DEFENDANT'S JUDGMENT AND COMMITMENT ORDER [903]** |

Before the Court is Defendant Sean Lamar Bazille's Request to Modify Defendant's Judgment and Commitment Order ("Req.") (Dkt. 903).

## I. Background

On February 8, 2012, Defendant was convicted of 18 U.S.C. § 371 (conspiracy) and 18 U.S.C. § 1344 (bank fraud and aiding and abetting). Judgment & Commitment ("J&C") (Dkt. 780). This Court ordered Defendant to pay restitution to his victim, due during the period of imprisonment, at the rate of "not less than $25 per quarter, and pursuant to the Bureau of Prisons' ("BOP") Inmate Financial Responsibility Program ("IFRP"). *Id.* at 1. According to Defendant's Request, upon Defendant's commitment to Taft Federal Correctional Institution, his relatives started making deposits into Defendant's inmate's trust account. Req. at 1:13-14. In response, the BOP raised Defendant's IFRP payment from $25 to $75 per quarter. *Id.* at 1:14-15. Defendant asks the Court to lower his quarterly payments to the original quarterly rate of $25 until Defendant is released and gainfully employed, due to the death of a parent. *Id.* at 1:18-22.

Defendant further claims that failure to pay restitution will cause Defendant to lose his halfway house time. *Id.* at 1:22-23.

## II. Legal Standard

Generally, unless the government moves for a sentence reduction for providing substantial assistance, a court can make substantive corrections to a sentence only within 14 days of sentencing. Fed. R. Crim. P. 35. After that 14-day period, the court can only "correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36; *United States v. Kaye*, 739 F.2d 488, 491 (9th Cir. 1984).

Under the Mandatory Restitution of Victims Act ("MRVA"), district courts have a statutory responsibility to set a restitution schedule where it orders restitution. *United States v. Lemoine*, 546 F.3d 1042, 1046 (9th Cir. 2008). This responsibility is "non-delegable" – that is, the Court cannot delegate its responsibility to the probation office, the BOP, or any other entity. *Ward v. Chavez*, 678 F.3d 1042, 1046 (9th Cir. 2012). However, neither MRVA nor case precedent limits BOP's operation of IFRP, as an independent program, to encourage more generous restitution payments than what was mandated in the original judgment. *Lemoine*, 546 F.3d at 1042; *see also* 18 U.S.C. §§ 3663A, 3664. The IFRP cannot substitute for a court-created restitution schedule. However, if the district court properly issued a restitution payment schedule as required by the MVRA, the BOP has the authority to "encourage voluntary payments in excess" of what was required under the court's judgment. *Lemoine*, 546 F.3d at 1050. The BOP has expertise in the payment area, where it can assist inmates to develop a financial plan and to "monitor the inmate's progress" in meeting the terms of such a plan. *Id.*

## III.    Discussion

Because the government has not submitted a motion to reduce the sentence and Defendant is not suggesting that there was a clerical or technical error in the original order for restitution, this Court has no authority to modify the original order under Federal Rules of Criminal Procedure 35 and 36 at this late date. Here, the Court has properly issued a restitution order and payment schedule, requiring no less than $25 a quarter, pursuant to enrollment in

IFRP. Accordingly, the Court has met its duty under the MVRA. BOP's subsequent modification of Defendant's quarterly payment from $25 to $75 is within their authority and consistent with precedent.

### IV. Disposition

For the reasons discussed above, the Court DENIES the Request. Defendant should instead direct his financial concerns to the BOP.

DATED: June 9, 2015

_____
DAVID O. CARTER
UNITED STATES DISTRICT JUDGE